**UNITED STATES ex rel. BLANKEN-STEIN v. SHAUGHNESSY et al.**

United States District Court
S. D. New York.
June 12, 1953.

608

Mary M. Kaufman, New York City, for relator.

J. Edward Lumbard, Jr., U. S. Atty. (William J. Sexton, Asst. U. S. Atty., Lester Friedman, Atty., Office of the Dist. Counsel, Immigration and Naturalization Service, United States Department of Justice, New York City, of counsel), for respondents.

WEINFELD, District Judge.

Petitioner brings habeas corpus seeking his release upon the ground that he is illegally detained. He was arrested pursuant to an immigration warrant dated May 8th, 1953. He has been confined at Ellis Island since May 6th, 1953. The explanation for his arrest prior to the warrant appears hereafter.

The warrant charges that the alien is deportable on four separate grounds under the Immigration and Nationality Act of 1952:

(1) Section 241(a), 8 U.S.C.A. § 1251 (a): That he was a member of, or affiliated with, the Communist Party of the United States;

(2) Section 241(a) (2), 8 U.S.C.A. § 1251 (a) (2): That he entered the United States without inspection;

(3) Section 241(a) (1), 8 U.S.C.A. § 1251 (a) (1): That at the time of entry he was excludable as a person who had been arrested and deported pursuant to law, the proper authority not having granted permission to apply for admission under § 1(a) of the Act of March 4th, 1929, 8 U.S.C.A. § 180; and

(4) Section 241(a) (1), 8 U.S.C.A. § 1251 (a) (1): That at the time of entry he was not in possession of a valid registration visa in violation of § 13(a) of the Act of May 26th, 1924, 8 U.S.C.A. § 213(a).

Petitioner claims he first entered the United States in 1906, whereas the government asserts it was in 1921. Since 1940 he has registered from time to time as an alien.

On May 6th, 1953, he appeared upon request at the office of the Immigration and Naturalization Service in New York City, where he was arrested upon a warrant of deportation, almost thirty years old, dated May 24th, 1924.

■ This warrant sets forth that petitioner is deportable as a member of an organization advocating the overthrow of our government by force and violence and directs his deportation to Russia. The issuance of the final order and the warrant for relator's deportation followed hearings conducted in 1922 while he was serving a prison sentence in Pennsylvania for violation of its Anti-Sedition Act. 18 P.S. § 4207. The warrant issued in May 1924 could not be immediately executed following his release since the Russian Government declined to authorize his admission into that country—a general policy which it has applied through the years to all persons sought to be deportable by our government as subversives or otherwise undesirable aliens. But in May 1930, according to the government's return, the relator left the United States by arrangement with the Russian authorities to carry on his activities in behalf of the world Communist movement abroad. It is asserted that petitioner reentered this country some time in 1931 or 1932 by fraudulently claiming to be a citizen or by assuming a false

identity, an allegation which he neither denies nor affirms, and, hence, must be deemed for the purposes of this proceeding as true.[1]

According to relator when he appeared at the office of the Immigration and Naturalization Service on May 6th, 1953, he was handed a copy of the 1924 warrant of deportation and arrested thereunder. He promptly objected on the ground that since more than six months had elapsed since the date of the 1924 warrant, his detention violated § 242(c) of the Immigration and Nationality Act of 1952, 66 Stat. 163, which provides:

"When a final order of deportation under administrative processes is made against any alien, the Attorney General shall have a period of six months from the date of such order, or, if judicial review is had, then from the date of the final order of the court, within which to effect the alien's departure from the United States, during which period, at the Attorney General's discretion, the alien may be detained, released on bond in an amount and containing such conditions as the Attorney General may prescribe, or released on such other condition as the Attorney General may prescribe."

Apparently, the authorities agreed with him or felt there was some substance to his position, for, on May 8th, 1953, they issued the warrant of arrest based upon various violations of the Immigration and Nationality Law, which have been enumerated above. One of the four charges, as noted, is based upon the prior deportation order and his reentry thereafter.

The relator now attacks the legality of the warrant of arrest dated May 8th, 1953, and the proceedings initiated thereunder, contending that the Attorney General is compelled to reinstate the order of deportation of May 1924, and "that there is no statutory authority to institute deportation proceedings ab initio" against him. He urges that the "sole and exclusive" remedy for deporting him is governed by § 242(f)

1. 28 U.S.C.A. § 2248.

of the Immigration and Nationality Act, since the basis of the prior order for his deportation was on a ground enumerated in § 242(e). Section 242(f) of the Act provides:

"Should the Attorney General find that any alien has unlawfully reentered the United States after having previously departed or been deported pursuant to an order of deportation, whether before or after June 27, 1952, on any ground described in any of the paragraphs enumerated in subsection (e) of this section, the previous order of deportation shall be deemed to be reinstated from its original date and such alien shall be deported under such previous order at any time subsequent to such reentry. For the purposes of subsection (e) of this section the date on which the finding is made that such reinstatement is appropriate shall be deemed the date of the final order of deportation."

Since the 1924 warrant of deportation was based upon his membership or affiliation with groups advocating the overthrow of the government by force and violence, it appears to come within the groups enumerated in subsection (e) of § 242, to wit, § 241(a)(6)(B) of the Act.

■ There is no automatic reinstatement of the previous order of deportation. Section 242(f) specifically provides: "*Should the Attorney General find* that any alien has unlawfully reentered the United States after having previously departed or been deported pursuant to an order of deportation, * * * the previous order of deportation shall. be deemed to be reinstated from its original date * * *." (Emphasis supplied.) Thus, the Attorney General is required to make a finding (1) that the alien whose deportation is now sought is the same person against whom the previous order of deportation was issued; (2) that he either previously departed or had been deported as a member of the classes enumerated in § 242(e) of the Act; and (3) that he had unlawfully reentered. 8 CFR § 242.75. Then, and only then, is the previous order of deportation reinstated.

And such findings by the Attorney General may be made only after notice of the charge to the alien and a hearing thereon. Section 242(b) of the Act, 8 U.S.C.A. § 1252 (b); see also 8 CFR § 242.73. In other words, a charge that an alien is deportable because he illegally reentered after he had either departed or had been deported under a prior order of deportation is treated, with exceptions not here material, in the same manner as any other charge upon which an alien's deportation is sought.

One may wonder why relator clings so tenaciously to the 1924 order of deportation and insists that § 242(f) is the "sole and exclusive" remedy available to the Attorney General. Certainly, it is not to give the immigration authorities a more effective means of deporting him. The reason is this: Many six-months' periods have elapsed since the 1924 order of deportation was entered, and so he asserts that the Attorney General has no power to detain him pending the present efforts to deport him either under § 242(a) (pending determination of deportability) or § 242(c) (after final order of deportation); further, that, in view of the Soviet Union's policy of refusing deportables, he must be permitted to remain at large until it is prepared to accept him—concededly a remote possibility. But relator overlooks that § 242(f) is a post-hearing enforcement section and the order of deportation is not reinstated until the requisite findings are made by the Attorney General. These may be made, as already noted, only after notice of the charge and a hearing thereon —in a new deportation proceeding—and not until the procedural standards have been observed and the required findings made is the original order of deportation reinstated. See 8 CFR §§ 242.11–242.77, titled "Procedural and Other Non-Substantive Provisions."

It is true that 8 CFR 242.71 and 8 CFR 242.75(c) give some semblance of plausibility to relator's argument. Thus, § 242.71 states that an alien within the purview of § 242(f) of the Immigration and Nationality Act shall be charged "only under § 242(f)" and § 242.75(c) that "additional

charges" can be lodged against such an alien only "If during the course of such hearing it is ascertained that the respondent is not deportable under § 242(f) *· * *·"

These regulations appear to interpret, just as relator does, § 242(f) as a substantive provision, rather than an enforcement one which comes into play only subsequent to a finding of deportability. But the ground of deportability of an alien who illegally reentered after a prior final order of deportation is predicated not upon § 242(f) but upon § 241(a)(1) of the Act, which in the instant case refers back to the Act of March 4th, 1929, 8 U.S.C.A. § 180. Significantly, the warrant of arrest which initiated the current deportation proceeding against relator charges that he is deportable under § 241(a)(1) and makes no reference to § 242(f).

Even were we to assume that the Attorney General was bound initially to proceed only upon the charge that relator illegally reentered following a previous order of deportation, the other charges contained in the warrant of arrest may be treated as surplusage. If this charge is not sustained either for failure of proof or otherwise, "additional charges" may be lodged at the hearing under 8 CFR 242.75. Relator's objections as to the additional charges now contained in the present warrant of arrest should be made upon the hearing to the administrative officers.

The relator also urges that his detention without bond is arbitrary. The return contains facts with respect to the history, record and activities of the relator, most of which are neither affirmed nor denied. There has been no showing that the detention by the Attorney General is " 'without a reasonable foundation.' "[2]

The writ is dismissed. Relator is remanded to the custody of respondent.

Settle order on notice

2. Carlson v. Landon, 342 U.S. 524, 540–541, 72 S.Ct. 525, 96 L.Ed. 547.