**Gregorio Arciaga MESINA, Plaintiff,**

v.

**Richard C. HOY, District Director of Immigration and Naturalization Service, etc., Defendant.**

**Civ. No. 998–58.**

United States District Court
S. D. California,
Central Division.

Feb. 19, 1959.

Norman Stiller, San Francisco, Cal., for plaintiff.

Laughlin E. Waters, U. S. Atty., Richard A. Lavine, Asst. U. S. Atty., Chief of Civil Division, Arlene Martin, Asst. U. S. Atty., Los Angeles, Cal., for defendant.

HALL, District Judge.

This is a proceeding for declaratory relief and injunction by the plaintiff under 28 U.S.C.A. § 2201 and 5 U.S.C.A. § 1009.

The case was set for trial and was tried on January 6, 1959.

Plaintiff was born in the Philippine Islands in 1903; he first entered the United States in 1924; he was ordered deported, and was deported in April, 1936, on the ground that he had been managing a house of prostitution, and had been found to have received and derived benefits from the earnings of a prostitute.

On December 31, 1956, plaintiff entered the United States as a crewman, receiving a Crewman's Landing Permit (State Dept. Symbol D-2), and was required to depart from the United States before the expiration of 29 days. 8 U.S.C.A. § 1282(a) (2). At that time he was a non-immigrant alien under 8 U.S.C.A. § 1101(a) (15) (D). This permit appears to have been extended to February 27, 1957.

Plaintiff did not depart, and proceedings were commenced against him in the Immigration & Naturalization Department, which finally resulted in an Order as follows:

"Order

"It is ordered that the respondent be granted voluntary departure at

his own expense in lieu of deportation within such period of time and under such conditions as the District Director shall direct.

"It Is Further Ordered that if the respondent fails to depart when and as required, the privilege of voluntary departure shall be withdrawn without further notice or proceedings, and the respondent be deported from the United States in the manner provided by law on the charge contained in the Order to Show Cause."

An appeal was taken and the Order was affirmed by the Board of Immigration Appeals on August 7, 1958. This suit followed.

Plaintiff's principal contention is that the proceedings were had under Section 241(a) (2) of the Immigration & Naturalization Act of 1952—8 U.S.C.A. § 1251(a) (2)—rather than Section 242(f) of the Immigration & Naturalization Act of 1952—8 U.S.C.A. § 1252(f)—which latter section permits the Attorney General to reinstate a previous order of deportation.

Plaintiff contends that it is mandatory that the proceedings be commenced under 8 U.S.C.A. § 1252(f), and that being so, the original proceedings of deportation may be attacked on the various grounds of illegality set forth in the Petition, which are not necessary to note at this point.

There is nothing to plaintiff's point that the proceedings for his deportation must be had under 8 U.S.C.A. 1252(f). United States ex rel. Blankenstein v. Shaughnessy, D.C.S.D.N.Y.1953, 112 F. Supp. 607. And see De Souza v. Barber, 9 Cir., 263 F.2d 470, which holds that 8 U.S.C.A. § 1252(f) is a procedural section only.

Plaintiff was a non-immigrant alien under the terms of 8 U.S.C.A. § 1101(a) (15) (D). He was admitted under 8 U.S.C.A. § 1282(a) (2), and was properly deportable by the Attorney General by proceedings under either 8 U.S.C.A. § 1251(a) (2) or 8 U.S.C.A. § 1252(f), as the Attorney General in the exercise of his discretion may choose.

Petitioner cannot compel the Attorney General to exercise his discretion at the choice of the petitioner.

Counsel will prepare Findings of Fact and Conclusions of Law in accordance with this Memorandum.